UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUSAN ZUKERGOOD,

                Plaintiff,

- against -

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**ORDER**

21 Civ. 6464 (PGG) (SDA)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, pro se Plaintiff Susan Zukergood seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security[1] denying her application for disability insurance benefits. (Cmplt. (Dkt. No. 1)) The parties have cross-moved for judgment on the pleadings. (Dkt. Nos. 14, 24) On August 2, 2021, this Court referred the parties' motions to Magistrate Judge Stewart D. Aaron for a Report and Recommendation ("R&R"). (Order of Reference (Dkt. No. 7))

        On August 2, 2022, Judge Aaron issued a 25-page R&R, recommending that Plaintiff's motion for judgment on the pleadings be granted to the extent that Plaintiff seeks a remand for further administrative proceedings; and (2) Defendant's motion for judgment on the pleadings be denied. (R&R (Dkt. No. 297)

        28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Kilolo Kijakazi as the Defendant, "Commissioner of Social Security."

findings and recommendations . . . ." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

In the R&R, Judge Aaron advises the parties that they

> have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections. . . . THE FAILURE TO OBJECT WITHIN FOURTEEN (14 DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRELUDE APPELLATE REVIEW.

(R&R (Dkt No. 27) at 25 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 6(d), and 72(b); Thomas v. Arn, 474 U.S. 140 (1985)))

Neither side has filed objections to Magistrate Judge Aaron's R&R.

Where, as here, no party filed objections to the R&R – despite clear warning that a failure to file objections would result in a waiver of judicial review (see R&R (Dkt. No. 27) at 25) – judicial review has been waived. See DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object" (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting

Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

This Court has reviewed Judge Aaron's 25-page R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Aaron's R&R (Dkt. No. 27) is adopted in its entirety. Plaintiff's motion for judgment on the pleadings is granted to the extent that this case is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings is denied. The Clerk of Court is directed to terminate the motions (Dkt. Nos. 14, 24) and to remand this case to the Commissioner of Social Security for further proceedings.

Because the parties did not object to the R&R adopted herein, appellate review of this Order is precluded. See, e.g., Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir. 1988).

Dated: New York, New York
January 23, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge